WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Verna Ligon, | No. CV-19-04567-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Verna Ligon's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her application for disability insurance benefits.  The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g).  Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing.  Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 10).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 9, 11, 12), the Court finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence and is free of harmful legal error.  The decision is therefore affirmed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I. LEGAL STANDARDS

## A.  Disability Analysis:  Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1).   To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity.  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(A)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months.  *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps.  20 C.F.R. § 404.1520(a).  The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**:  Is the claimant engaged in "substantial gainful activity"?  If so, the analysis ends and disability benefits are denied.  Otherwise, the ALJ proceeds to Step Two.

> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments?  A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step.  Otherwise, the ALJ proceeds to Step Three.

> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is

---

[1] *Parra v. Astrue*, 481 F.3d 742,746 (9th Cir. 2007).

1

2

presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

3

4

5

6

**Step Four:**  Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis.   20 C.F.R. § 404.1520(f).  Otherwise, the ALJ proceeds to the last step.

7

8

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

9

10

11

12

13

14

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience?    The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g).   Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience.  *Id.*

15

### B. Standard of Review Applicable to ALJ's Determination

16

17

18

19

20

21

22

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990).   Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id.*

23

24

25

26

27

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions.  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993).   If there is sufficient

28

[2] *Parra*, 481 F.3d at 746.

evidence to support the ALJ's determination, the Court cannot substitute its own determination.  *See Morgan v. Comm'r of the Social Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  This is because the ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence.  *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision.  This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination."  *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II.  DISCUSSION

### A.  Procedural Background

Plaintiff, who was born in 1959, has worked as a caseworker, customer service representative, dispatcher, and psychiatric technician.  (A.R. 42, 62).  In 2015, Plaintiff filed an application for disability insurance benefits.  (A.R. 153-59).  Plaintiff's applications alleged that on September 18, 2014, Plaintiff became unable to work due to back and neck conditions, macular degeneration, diverticulosis, heart murmur, high blood pressure, Gilbert's syndrome, and venous insufficiency.  (A.R. 62-63).  Social Security denied the applications on December 21, 2015.  (A.R. 89-92).  Upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits.  (A.R. 94-99).  Plaintiff sought further review by an ALJ, who conducted a hearing in March 2018.  (A.R. 27-47).

In her June 28, 2018 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act.  (A.R. 13-25).  The Appeals Council denied

1
2
3

Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner.  (A.R. 1-6).  On June 26, 2019, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

4

**B.  The ALJ's Application of the Five-Step Disability Analysis**

5

**1.  Step One: Engagement in "Substantial Gainful Activity"**

6
7
8

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 18, 2014 (the alleged onset date) through September 30, 2016 (the date last insured).  (A.R. 15).  Neither party disputes this determination.

9
10

**2.  Step Two: Presence of Medically Severe Impairment/Combination of Impairments**

11
12
13
14
15

The ALJ found that Plaintiff has the following severe impairments: history of carpal tunnel syndrome with fixation screws in left hand, spondylosis, obesity, asthma, osteoarthritis, aortic stenosis, hypertension, gout, osteoarthritis of the left knee, post laminectomy symptoms, cervical fusion, bilateral keratonconus, bilateral cataracts, and edema.  (A.R. 15).  This determination is undisputed.

16

**3.  Step Three: Presence of Listed Impairment(s)**

17
18
19
20

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations.  (A.R. 16).  Neither party disputes the ALJ's determination at this step.

21

**4.  Step Four:  Capacity to Perform Past Relevant Work**

22
23
24
25
26
27
28

The ALJ found that Plaintiff has retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), subject to a number of limitations.  (A.R. 16).  Based on the assessed RFC and the testimony of a Vocational Expert ("VE"), the ALJ determined that Plaintiff is capable of performing her past work as a caseworker, composite job customer complaint clerk, and dispatcher.  (A.R. 20).  Plaintiff asserts that the ALJ improperly discounted Plaintiff's subjective symptom testimony in making this determination.

1

2

### 5.  Step Five: Capacity to Perform Other Work

3
Given the determination that Plaintiff can perform her past relevant work, the ALJ

did not reach the fifth step of the disability analysis.

4

### C. The ALJ Provided Clear and Convincing Reasons for Rejecting Plaintiff's Testimony Regarding Plaintiff's Alleged Impairments

5

6
When evaluating a claimant's testimony regarding subjective pain or symptoms,

7
the ALJ must engage in a two-step analysis.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th

8
Cir. 2009).  In the first step, the ALJ must determine whether the claimant has presented

9
objective medical evidence of an underlying impairment "which could reasonably be

10
expected to produce the pain or other symptoms alleged."  *Lingenfelter v. Astrue*, 504

11
F.3d 1028, 1036 (9th Cir. 2007).  The claimant does not have to show that the impairment

12
could reasonably be expected to cause the severity of the symptoms.  Rather, a claimant

13
must only show that it could have caused some degree of the symptoms.  *Smolen v.*

14
*Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

15
If a claimant meets the first step, and there is no evidence of malingering, the ALJ

16
can only reject a claimant's testimony about the severity of his or her symptoms by

17
offering clear and convincing reasons that are supported by substantial evidence in the

18
record.  *Lingenfelter*, 504 F.3d at 1036.  In evaluating a claimant's symptom testimony,

19
the ALJ can consider many factors including: a claimant's reputation for truthfulness,

20
prior inconsistent statements concerning the symptoms, unexplained or inadequately

21
explained failure to seek treatment, and the claimant's daily activities.  *Smolen*, 80 F.3d at

22
1284; *see also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there

23
are conflicts between a claimant's statements and the rest of the evidence).  In addition,

24
although the lack of medical evidence cannot form the sole basis for discounting pain

25
testimony, it is a factor that the ALJ can consider in evaluating the testimony.  *Burch v.*

26
*Barnhart*, 400 F.3d 676 (9th Cir. 2005); *see also* 20 C.F.R. 404.1529(c); *Rollins v.*

27
*Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

28

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  (A.R. 17).  The ALJ then noted that the record indicates that Plaintiff's (i) asthma improved with treatment, (ii) Plaintiff's grip strength was normal even in light of Plaintiff's history of carpal tunnel and trigger thumb, (iii) Plaintiff's gait was normal despite her diagnosis of chronic osteoarthritis of the left knee, (iv) Plaintiff's chest pain resolved, and (v) Plaintiff had conservative treatment for her varicose veins.  (A.R. 17).  The ALJ also noted that Plaintiff's pain was controlled after her spinal surgery and that she reported that she was doing better than before the surgery.  (A.R. 18).  After summarizing the record, the ALJ stated that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms "are inconsistent because it is unsupported by the medical evidence.  At her appointments, [Plaintiff] was well developed and well nourished and in no acute distress (Exhibits 6F/7, 58; 15F/12)."  (A.R. 18).

Plaintiff asserts that the ALJ's decision fails to explain how the medical evidence conflicts with Plaintiff's symptom testimony.  (Doc. 9 at 11).  However, an "ALJ's analysis need not be extensive[.]"  *Brown–Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).  Immediately after stating that Plaintiff's testimony is not entirely consistent with the evidence, the ALJ summarized the relevant portions of the record that support that finding.  The ALJ's decision does not require the Court to speculate as to the grounds for the ALJ's conclusion that Plaintiff's testimony conflicts with the medical evidence.  *See Magallanes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion"); *Brown–Hunter*, 806 F.3d at 495 (court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions.  Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). While symptom testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity" and disabling effects of the symptoms. *Rollins*, 261 F.3d at 857 (citing 20 C.F.R. § 404.1529(c)(2)). The ALJ did not commit harmful error in concluding that the medical evidence undermined Plaintiff's testimony of the severity of her symptoms.

As another reason for discounting Plaintiff's symptom testimony, the ALJ found that Plaintiff's "impairments improved with treatment." (A.R. 18). The ALJ recounted that Plaintiff

> regularly described her pain as 5/10. At that level, [Plaintiff] reported she was able to tolerate her pain (Exhibit 7F/11). Additionally, [Plaintiff's] impairments improved after surgery and physical therapy (Exhibit 4F/4). For example, three months after her neck surgery, [Plaintiff] reported she was doing better than before her surgery (Exhibit 4F/42). With treatment, [Plaintiff's] edema improved and was described as "relatively stable" (Exhibit 1F/40). For her varicose veins, she was advised to continue with "conservative management involving compression stocking leg elevation and exercise" (Exhibit 1F/47).

(A.R. 18-19). Substantial evidence in the record supports the ALJ's statement above that Plaintiff "regularly described her pain as 5/10." (*See* A.R. 323, describing an "average pain level of 5/10"; A.R. 352, rating pain 5-6 out of 10). Plaintiff asserts that the ALJ's statement that her impairments improved with treatment does not conflict with her testimony that she still suffered severe symptoms that interfered with her work activity. (Doc. 9 at 12). However, as Defendant notes (Doc. 11 at 9), the ALJ found that Plaintiff's ability to work is subject to a number of restrictions. For example, the ALJ concluded that

> In light of [Plaintiff's] degenerative disc disease, post laminectomy symptoms, spondylosis, osteoarthritis, and obesity, [Plaintiff] could occasionally climb ramps/stairs but she could never climb ladders, ropes, or scaffolds. Due to her

- 8 -

1
2
3
4
5
6

> edema, gout, hypertension, and aortic stenosis, she could occasionally balance, stoop, kneel, or crouch. In light of [Plaintiff's] arthritis, gout, and asthma, [Plaintiff] is unable to withstand concentrated exposure to dust, fumes, pulmonary irritants, extreme cold, extreme heat, wetness, hazards, and moving machinery. Due to her history of carpal tunnel syndrome and fixation screws in left hand, [Plaintiff] could frequently handle and finger with left hand.

7
8
9
10
11
12
13
14
15
16
17
18
19

(A.R. 19).      Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Morgan*, 169 F.3d at 599 (ALJ may discount claimant's testimony on basis of medical improvement). The Court finds that the ALJ did not commit harmful error by discounting Plaintiff's symptom testimony on the ground that the record showed her symptoms improved with treatment. Moreover, in determining a claimant's RFC . . . the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only those limitations that are supported by substantial evidence must be incorporated into the RFC. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). The Court does not find that the ALJ committed harmful error in translating Plaintiff's impairments into functional limitations.

20
21
22
23
24
25
26
27
28

The ALJ further explained that Plaintiff's activities of daily living are inconsistent with her allegations of disabling symptoms. (A.R. 19). The ALJ observed that Plaintiff reported that she could do the laundry, do the dishes, sweep, drive a car, go out alone, go shopping, and count change. (*Id.*). An ALJ may discount a claimant's testimony based on daily activities that either contradict his testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the ALJ's decision does not sufficiently explain how Plaintiff's activities of daily living translate to the ability to sustain fulltime employment. The Court thus does not find that Plaintiff's activities of daily living provide a sufficient reason for discrediting Plaintiff's

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

symptom testimony.  *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day").  Yet the error is harmless as the ALJ provided other clear and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony.  *See Molina*, 674 F.3d at 1115 (where some reasons supporting an ALJ's credibility analysis are found invalid, the error is harmless if the remaining valid reasons provide substantial evidence to support the ALJ's credibility determination and "the error does not negate the validity of the ALJ's ultimate conclusion").

The ALJ's analysis in this case is unlike the brief and conclusory analyses that the Ninth Circuit Court of Appeals has deemed insufficient in other cases.  For example, in *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014), an ALJ stated in a single sentence that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  The Court of Appeals held that stopping after this introductory remark "falls short of meeting the ALJ's responsibility to provide a discussion of the evidence and the reason or reasons upon which his adverse determination is based."  *Id.* at 1103 (internal quotation marks omitted); *see also* 42 U.S.C. § 405(b)(1).  The Court further stated that an ALJ's "vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient for our review."  *Id.* (quoting *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009).

In *Robbins v. Astrue*, 466 F.3d 880, 883-84 (9th Cir. 2006), the Court of Appeals found the ALJ's "fleeting credibility finding" insufficient.  In *Robbins*, the ALJ simply stated that (i) the claimant's testimony was "not consistent with or supported by the overall medical evidence of record" and (ii) "[claimant's] testimony regarding his alcohol

dependence and abuse problem remains equivocal." *Id.* In discussing why the ALJ's finding was insufficient, the Court explained that the ALJ did not provide a "narrative discussion" containing "specific reasons for the finding . . . supported by the evidence in the record." *Id.* at 884-85.

Similarly, in *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995), an ALJ simply concluded that the claimant's complaints were "not credible" and "exaggerated." The Court held that the finding was insufficient as the ALJ did not provide any specific reasons for disbelieving the claimant other than a lack of objective evidence. *Id.* at 834.

The ALJ's analysis in this case is more like the analysis in *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008). In *Stubbs-Danielson*, the Ninth Circuit Court of Appeals found that an ALJ sufficiently explained the reasons for discounting a claimant's symptom testimony where the ALJ stated that:

> The claimant's allegations as to the intensity, persistence and limiting effects of her symptoms are disproportionate and not supported by the objective medical findings nor any other corroborating evidence. The record reflects that the claimant has normal activities of daily living, including cooking, house cleaning, doing laundry, and helping her husband in managing finances.
>
> * * *
>
> These activities tend to suggest that the claimant may still be capable of performing the basic demands of competitive, remunerative, unskilled work on a sustained basis.

*Id.* at 1175. The Ninth Circuit also found that the medical evidence, including the reports of two physicians who assessed that the claimant could perform a limited range of work, supported the ALJ's determination. *Id.*

Here, unlike in *Treichler*, *Robbins*, and *Lester*, the ALJ goes beyond making a "fleeting" and conclusory remark that Plaintiff's testimony is not credible. The ALJ discusses the inconsistencies in the medical evidence that she finds discredit Plaintiff's testimony. Like in *Stubbs-Danielson*, the ALJ's conclusion is also supported by the opinion of a reviewing State agency doctor who found that Plaintiff could perform light

1

2

work, subject to the restriction that Plaintiff could only occasionally crouch, kneel, stoop, balance, or climb ramps or stairs.  (A.R. 80-82).

3

4

5

6

7

8

9

10

It is possible that a different ALJ would not have discounted Plaintiff's symptom testimony.  But it is not the Court's role to second guess an ALJ's decision to disbelieve a Plaintiff's allegations.  *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking. . . .").  The Court has concluded that all but one of the reasons provided by the ALJ for discounting Plaintiff's testimony are specific, clear, convincing, and are supported by substantial evidence in the record.  The Court therefore finds that the ALJ did not err in discounting Plaintiff's testimony.

11

### III. CONCLUSION

12

Based on the foregoing,

13

**IT IS ORDERED** affirming the decision of the Commissioner of Social Security.

14

The Clerk of Court shall enter judgment accordingly.

15

Dated this 8th day of May, 2020.

16

17

18

19

_____

Honorable Eileen S. Willett
United States Magistrate Judge

20

21

22

23

24

25

26

27

28